483 P.2d 789

**Albert RICHARDSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Richard Tuck (Bar 22), Respondent Employer.**

**No. I CA–IC 489.**

Court of Appeals of Arizona, Division 1,

Department B.

April 15, 1971.

Rehearing Denied June 7, 1971.

Review Denied July 13, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., The Industrial Commission of Ariz., Phoenix, for respondent.

Barber, Haralson, Giles & Moore, by Dale Haralson, Tucson, for respondent employer.

JACOBSON, Presiding Judge.

Petitioner-employee seeks a review by certiorari of an award of the Industrial Commission finding that the petitioner did not sustain an injury by accident arising out of and in the course of his employment, and denying his petition for an additional hearing.

Petitioner alleges that on or about March 28, 1966, he sustained a back injury while employed as a bartender at the 22 Bar in Tucson, Arizona, the injury occurring while he was moving a beer keg.

In petitioner's opening brief, he raises the question of the failure of the Commission to grant him an additional hearing following an award finding his claim non-compensable. At the time of oral argument, counsel for the petitioner indicated that he would waive this portion of his argument. Our review of the proceedings, including the fact that petitioner was granted four formal hearings in this matter, leads us to the belief that the waiver was wisely made.

The only other issue before the Court is whether the Commission award of non-compensability was sustainable under the evidence presented. Admittedly, the testimony as to how petitioner's injuries occurred was in conflict. To show this conflict, we need only point to the evidence that petitioner's employer testified that he observed the petitioner working for two days following the alleged injury and the petitioner showed no sign of injury; that a third party testified that petitioner told him his injury was sustained in moving furniture for his mother; and that petitioner's former girlfriend testified that petitioner told her he did not hurt his back at work but that he was going to make his

employer pay for it. This evidence justi-
fied the Commission in reaching the conclu-
sion that petitioner did not sustain an injury
arising out of and in the course of his
employment.

Award affirmed.

HAIRE and EUBANK, JJ., concur.